UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, AFL-CIO,
LOCAL 446

Plaintiff,

v.                                                  Civil Action No. 02-0613 (CKK)

ANTHONY J. PRINCIPI, *et al.*,

Defendants.

**MEMORANDUM OPINION**
(July 31, 2005)

Plaintiff, American Federation of Government Employees, AFL-CIO, Local 446

("AFGE") brought suit against Defendants Anthony J. Principi, Secretary of Veterans Affairs,

and Frances M. Murphy, Acting Under Secretary for Health for the Department of Veterans

Affairs,[1] alleging violations of the Department of Veterans Affairs Labor Relations Improvement

Act, 38 U.S.C. §§ 7422(b) and (d), as well as denial of substantive due process of law guaranteed

under the Fifth Amendment to the United States Constitution.  Contending that there are no

genuine issues of material fact, Plaintiff moves for summary judgment under Federal Rule of

Civil Procedure 56.  Defendants make a cross motion to dismiss the complaint under Rule

12(b)(1) for lack of subject matter jurisdiction.  In the alternative, Defendants move for summary

judgment on the merits of the complaint.  Plaintiff opposes Defendants' motions.  After a careful

review of the parties' briefs, the relevant statutes, and case law, the Court shall grant Defendants'

---

[1] The Court notes that former Secretary Principi has been replaced by James Nicholson as
the current Secretary of Veterans' Affairs, and Jonathan B. Perlin is the present Under Secretary
for Health for the Department of Veterans Affairs.

cross Motion to Dismiss for lack of subject matter jurisdiction over this suit.  Lacking

jurisdiction over the subject matter of this suit, the Court shall only briefly address the parties'

cross Motions for Summary Judgment.[2]

## I: BACKGROUND

Plaintiff AFGE is a labor organization representing registered nurses employed by the

Department of Veterans Affairs ("VA") at the VA's Medical Center in Asheville, NC

("VAMC").   Compl. ¶¶ 3-5.  The underlying substantive dispute in this case concerns Plaintiff's

grievance that beginning February 1, 1999, operating room ("OR") nurses at the VAMC were not

receiving premium pay for night and weekend work allegedly owed to them under 38 U.S.C. §§

7453(b) and (c), as incorporated into the terms of the collective bargaining agreement ("CBA")

between AFGE and the VA.  *Id*. ¶¶ 8, 12-15.[3]  To pursue this grievance challenging the VAMC's

---

[2] In ruling on the instant motions, the Court considered Plaintiff's Complaint ("Compl."), Plaintiff's Motion for Summary Judgment ("Pl.'s Mot. Summ. J."), Defendants' Cross Motion to Dismiss or for Summary Judgment ("Defs.' Mot."), Plaintiff's Opposition to Defendants' Cross Motion ("Pl.'s Opp'n), and Defendants' Reply to Plaintiff's Opposition ("Defs.' Reply").  On April 30, 2004, the Court asked the parties to submit updates on relevant factual and legal developments.  Both parties have submitted responses, and the Court considered these in addition to the parties' briefs listed above.

[3] The disagreement between the VA and the OR nurses involved interpretation of 38 U.S.C. § 7453(b) and (c), as incorporated into Article 51 sections 3A and 3B of the CBA.  *See* Compl. ¶¶ 12-15.  38 U.S.C. § 7453 provides in relevant part:

(b) A nurse performing service on a tour of duty, any part of which is within the period commencing at 6 postmeridian and ending at 6 antemeridian, shall receive additional pay for each hour of service on such tour at a rate equal to 10 percent of the nurse's hourly rate of basic pay if at least four hours of such tour fall between 6 postmeridian and 6 antemeridian.

(c) A nurse performing service on a tour of duty, any part of which is within the period commencing at midnight Friday and ending at midnight Sunday, shall receive additional pay for each hour of service on such a tour at a rate equal to 25 percent of such nurse's

failure to pay nurses at a premium rate for night and weekend work, Plaintiff used a negotiated

procedure under the CBA.  *Id*. ¶ 16.[4]

This dispute over night and weekend premium pay was not resolved through the

negotiated grievance procedure and was subsequently referred to an arbitrator under the terms of

the CBA.  *Id*. ¶¶ 11, 19.  On December 29, 1999, the arbitrator issued an award sustaining

Plaintiff's grievance, finding the VAMC in violation of the CBA, and ordering the VAMC to

compensate the OR nurses consistent with her findings.  *Id*. ¶¶ 23-24; *see* Pl.'s Ex. 3B.  Pursuant

to 5 U.S.C. § 7122(b), the VAMC had 30 days, or until February 1, 2000, to file exceptions to the

arbitrator's award with the Federal Labor Relations Authority ("FLRA"), after which time the

---

hourly rate of basic pay.

38 U.S.C. § 7453 (2005).  Plaintiff argued that under the statute and the CBA, any time a nurse is
called in to work nights or weekends, as part of any "tour of duty" including overtime work, the
nurse is entitled to the premium pay.  *See* Pl.'s Mot. Summ. J. at 9-11.  The VAMC countered
that only nurses whose regular "tours of duty" are scheduled during nights and weekends are
entitled to the premium pay, and not those nurses who are called in for overtime work that
happens to fall on nights or weekends.  *Id.*

[4] Title VII of the Civil Service Reform Act ("CSRA"), codified at 5 U.S.C. §§ 7101 *et
seq*., governs labor management and relations for non-postal federal employees.  *See* 5 U.S.C. §§
7101 *et seq*. (2005); Pl.'s Mot. Summ. J. at 2.  The CSRA provides for collective bargaining
rights for federal employees, and also prescribes that any collective bargaining agreements
provide negotiated grievance procedures.  *See* 5 U.S.C. §§ 7111, 7121-23; Pl.'s Mot. Summ. J at
2.  The compensation of medical professionals employed by the VA is regulated under title 38
rather than title 5.  *See* 38 U.S.C. §§ 7401 *et seq*. (2005); Defs.' Mot. at 4.  The VA Secretary has
plenary authority over hours and conditions of employment for certain VA medical professionals,
including registered nurses.  *See* 38 U.S.C. § 7421(a); Defs.' Mot. at 4-5.   However, under the
Department of Veterans Affairs Labor Relations Improvement Act, these VA medical
professionals were granted the title 5 collective bargaining rights enjoyed by other federal
employees.  *See* 38 U.S.C. §§ 7421-23; Defs.' Mot. at 4.  These collective bargaining rights are
subject to three exceptions under 38 U.S.C. § 7422(b); the rights do not extend to matters
"concerning or arising out of (1) professional conduct or competence, (2) peer review, or (3) the
establishment, determination, or adjustment of employee compensation under this title."  38
U.S.C. § 7422(b); *see* Defs.' Mot. at 5.

award became final and binding.  *Id*. ¶ 25; *see* 5 U.S.C. § 7122(b) (2005) ("If no exception to an arbitrator's award is filed under subsection (a) of this section during the 30-day period beginning on the date the award is served on the party, the award shall be final and binding.").[5]  The VAMC filed exceptions one day late on February 2, 2000.  *See* Defs.' Ex. 2 at 5.

Prior to and during the course of the arbitration proceedings, the VAMC never indicated that Plaintiff's grievance was subject to exclusion from the terms of the CBA and its negotiated grievance procedure pursuant to 38 U.S.C. §§ 7422(b) and (d).  *See* Pl.'s Ex. 3D at 3.  Those subsections provide:

> (b) Such collective bargaining (and any grievance procedures provided under a collective bargaining agreement) in the case of employees described in section 7421(b) of this title may not cover, or have any applicability to, any matter or question concerning or arising out of … (3) the establishment, determination, or adjustment of employee compensation under this title.

> (d) An issue of whether a matter or question concerns or arises out of … (3) the establishment, determination, or adjustment of employee compensation under this title shall be decided by the Secretary and is not itself subject to collective bargaining and may not be reviewed by any other agency.

38 U.S.C. § 7422(b) and (d) (2005).  The VAMC raised this issue for the first time on February 2, 2000, with its untimely exceptions to the arbitrator's award.  *See* Defs.' Ex. 2 at 5-6.  In a motion to dismiss the arbitrator's award accompanying the untimely exceptions, the VAMC objected to the award based on the belief that "[t]he arbitrator's decision establishes a new compensation structure for dayshift nurses, and as such, the award encompasses a matter outside the scope of collective bargaining."  *Id.* at 5.  According to the VAMC, "the arbitrator [] overstepped the scope of jurisdiction in [the] matter."  *Id.* at 6.  However, and importantly, the

---

[5] The FLRA is the agency charged with administering the Civil Service Reform Act, 5 U.S.C. §§ 7101 *et seq*.  *See* 5 U.S.C. §§ 7104-05.

VA Under Secretary had not yet issued an official section 7422(b) determination regarding

Plaintiff's grievance.  Compl. ¶¶ 40-41.  On April 20, 2000, the FLRA issued an order dismissing

the VAMC's exceptions as untimely filed as well as denying the Motion to Dismiss the

Arbitrator's Award.  *See* Pl.'s Ex. 3D at 4.[6]

Following the April 20, 2000 order from the FLRA, the VAMC failed to comply with the

arbitrator's award sustaining Plaintiff's grievance.  Compl. ¶ 30.  In response to this failure, on

June 9, 2000, Plaintiff filed an unfair labor practice ("ULP") charge against the VAMC with the

FLRA in Washington, D.C.  *Id*. ¶ 32.  On September 28, 2000, the FLRA General Counsel issued

a ULP complaint against the VAMC pursuant to 5 U.S.C. § 7116(a)(1) and (8).[7]  *Id*. ¶¶ 33-34.

During the course of the ULP proceeding, on March 5, 2001, the VA Under Secretary issued an

official determination pursuant to 38 U.S.C. § 7422(b) that Plaintiff's grievance "concerns . . .

the establishment, determination, or adjustment of employee compensation . . . ."  38 U.S.C. §

7422 (b); *id*. ¶ 43; *see also* Pl.'s Exs. 3G and 3H.  Under section 7422(d), such a decision "shall

---

[6] In response to the Motion to Dismiss the Arbitrator's Award, the FLRA explained that 5 C.F.R. § 2429.5 prohibits the FLRA from considering issues that could have been, but were not, raised before the arbitrator.  Pl.'s Ex. 3D at 4.  The FLRA made clear in its order that the VAMC should have presented the section 7422 exclusion issue to the arbitrator.  *Id*.

[7] 5 U.S.C. § 7116 provides:

> (a) For the purpose of this chapter, it shall be an unfair labor practice for an agency . . . (1) to interfere with, restrain, or coerce any employee in the exercise by the employee of any right under this chapter; . . . [or] (8) to other wise fail or refuse to comply with any provision of this chapter.

5 U.S.C. § 7116(a)(1) and (8) (2005).  Noncompliance with a final and binding arbitration award is an unfair labor practice.  *See, e.g., U.S. Dep't of Transp., FAA, Northwest Mountain Region, Renton, Wash.*, 55 F.L.R.A. 293, 296 (1999) (citing *U.S. Dep't of Treas., Int. Rev. Serv., Austin Compliance Ctr., Austin, Tex.*, 44 F.L.R.A. 1306, 1315 (1992)); *AFGE Local 3882 v. FLRA*, 944 F.2d 922, 924 n.11 (D.C. Cir. 1991).

be decided by the Secretary . . . and may not be reviewed by any other agency." 38 U.S.C. §

7422(d).[8]

On July 11, 2001, upon the FLRA General Counsel's motion for summary judgment and

the VAMC's motion to dismiss, the presiding Administrative Law Judge ("ALJ") determined

that the FLRA lacked jurisdiction to hear the matter because of the Under Secretary's section

7422(b) determination, which is not subject to review by "any other agency," including the

FLRA.  38 U.S.C. § 7422(d); *see U.S. Dep't of Veterans Affairs, Veterans Affairs Med. Ctr.,*

*Asheville, NC*, 57 F.L.R.A. 681, 686-87 ("*VAMC Asheville*").  The General Counsel filed

exceptions to the ALJ's decision with the FLRA.  *Id.* at 681; Compl. ¶ 49.  On January 31, 2002,

the FLRA issued a decision and order agreeing with the ALJ's and VAMC's position that the

Under Secretary's section 7422(b) determination deprived the FLRA of jurisdiction over the ULP

proceeding.  *See id.* at 683-84; Compl. ¶ 50.  The FLRA adopted the ALJ's findings, conclusions,

and recommended Order.  *Id.*

This case comes before this Court following the FLRA decision and final order of

January 31, 2002.  Plaintiff alleges that by issuing the section 7422(d) determination, Defendants

"violated and misapplied 38 U.S.C. 7422(b) and (d), acted beyond the authority in 38 U.S.C.

7422(d), and engaged in conduct that is arbitrary, capricious, and an abuse of discretion by

operation of 38 U.S.C. 7422(b) and (d)."  Compl. ¶¶ 53, 55, 62.  Additionally, Plaintiff alleges

that Defendants have "denied plaintiff and its members of substantive due process of law in

violation of the Fifth Amendment."  *Id.* ¶ 60.  According to Plaintiff, Defendants deprived

---

[8] The Secretary has delegated his authority to make determinations pursuant to section
7422(b) and (d) to the VA's Under Secretary for Health.  Compl. ¶ 38; *see* Pl.'s Att. 4.

Plaintiff of its property interest in the final and binding arbitration award ". . . without a rational

basis, and without rational connection to any legitimate state interest." *Id.* ¶ 58.  As relief,

Plaintiff seeks from this Court: (1) a declaration that section 7422 determinations cannot be used

to bar enforcement of the arbitration award in Plaintiff's favor; (2) an order to Defendants to

withdraw the section 7422 determination concerning Plaintiff's grievance; (3) an injunction

preventing Defendants from issuing a section 7422 determination pertaining to this matter; and

(4) an order to Defendants to comply with, and to direct the VAMC in Asheville to comply with,

the arbitrator's December 29, 1999 award.  *See* Compl. at 16.

      As the Court shall explain in detail below, Plaintiff is effectively seeking to appeal the

FLRA jurisdictional ruling in the ULP proceeding, and the United States Court of Appeals for

the District of Columbia has exclusive jurisdiction to review such matters.  Accordingly, this

Court lacks subject matter jurisdiction over the present dispute and must dismiss Plaintiff's

Complaint**.**

## II: LEGAL STANDARD

      A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule

12(b)(1).  In general, a motion to dismiss under Federal Rule of Civil Procedure 12(b) should not

prevail "unless plaintiffs can prove no set of facts in support of their claim that would entitle

them to relief." *Kowal v. MCI Comm. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Conley

v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A court may appropriately dispose of a case under

12(b)(1) for standing, and may "consider the complaint supplemented by undisputed facts

evidenced in the record, or the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193,

198 (D.C. Cir. 2003) (citations omitted); *see also Artis v. Greenspan*, 223 F. Supp. 2d 139, 152

n.1 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion

to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction."); *Vanover v.*

*Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where a document is referred to in the

complaint and is central to plaintiff's claim, such a document attached to the motion papers may

be considered without converting the motion to one for summary judgment") (citing *Greenberg*

*v. The Life Ins. Co. of Virginia*, 177 F.3d 507, 515 (6th Cir. 1999)).  At the stage in litigation

when dismissal is sought, the plaintiff's complaint must be construed liberally, and the plaintiff

should receive the benefit of all favorable inferences that can be drawn from the alleged facts.

*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  In spite of the

favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's

burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am. Farm*

*Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

### III:  DISCUSSION

Plaintiff adamantly insists that the agency decision under review in this case is the March

2001 determination by the Under Secretary of the VA that Plaintiff's night and weekend pay

grievance concerned the "establishment, determination, or adjustment of employee

compensation," made pursuant to the authority expressly granted to the Secretary of the VA

under 38 U.S.C. § 7422(d).  *See* Pl.'s Mot. Summ. J. at 12; Pl.'s Opp'n at 3; Att. 1 to Pl.'s Mot.

Summ. J.  Despite this insistent contention, however, Plaintiff does not provide the Court with

the grounds or standards – whether under the Administrative Procedure Act or otherwise – that

the Court should use to review the determination.  Rather than a request for review of the Under

Secretary's determination, the Complaint reads as either an appeal of the FLRA final order of January 31, 2002, dismissing Plaintiff's unfair labor practice complaint against the VA, or perhaps a general challenge to the Under Secretary's authority to make the March 2001 § 7422 determination that he made, excluding Plaintiff's grievance from collectively bargained grievance procedures.

To the extent that the Complaint is a petition for review of the FLRA final order of January 31, 2002, this Court lacks jurisdiction to hear the Complaint.  To the extent that the Complaint challenges the Under Secretary's authority to make the March 2001 § 7422 determination, Plaintiff's claim fails due to the broad discretion that the Secretary has in this area and the lack of statutory or case support for Plaintiff's position.  Finally, to the extent that Plaintiff's Complaint actually challenges the merits of the Under Secretary's § 7422 determination, i.e. that Plaintiff's claim is excluded from collective bargaining because it concerns or arises out of the "establishment, determination, or adjustment of employee compensation," the Court finds that Plaintiff fails to provide the necessary background on the administrative decision, legal authorities, or standards for the Court to engage in such a review.

###   A.   The Court Lacks Jurisdiction to Review FLRA Final Orders

While Plaintiff maintains that it is "challenging the legality of defendants' ruling under 38 U.S.C. 7422(d)," Pl.'s Opp'n at 3, Defendants argue that "plaintiff is attempting to use this lawsuit to obtain a reversal of the final order of the FLRA . . . ." Defs.' Mot. at 13 (internal quotation marks omitted).  A closer look at the procedural context from which this suit arose, the substantive issues implicated by Plaintiff's Complaint, and the relief Plaintiff requests, including enforcement of the arbitration award, reveals that this Court lacks subject matter jurisdiction to

review Plaintiff's claim.  Plaintiff's Complaint is properly characterized as a claim seeking

review of the January 31, 2002, FLRA decision in the ULP proceeding, which dismissed

Plaintiff's administrative complaint.  Therefore, pursuant to 38 U.S.C. § 7422(e),  Plaintiff's

claim must be brought as a petition for review in the United States Court of Appeals for the

District of Columbia.  *See* 38 U.S.C. § 7422(e) (2005).

           1.      Title 38 Expressly Provides for Judicial Review of FLRA Final Orders  in the District of Columbia Circuit.

As noted above, Plaintiff brings this suit subsequent to the FLRA final order of January

31, 2002, dismissing Plaintiff's unfair labor practice complaint against the VAMC for failure to

comply with an arbitration award.  *See* Compl. ¶ 50.  Section 7123(a) of title 5 authorizes judicial

review of FLRA orders, providing in relevant part:

> Any person aggrieved by any final order of the Authority other than an order
> under . . . (1) section 7122 of this title (involving an award by an arbitrator),
> unless the order involves an unfair labor practice . . . , may, during the 60-day
> period beginning on the dates on which the order was issued, institute an action
> for judicial review of the Authority's order in the [appropriate] United States court
> of appeals . . . .

5 U.S.C. § 7123(a) (2005).  The FLRA order dismissing Plaintiff's complaint against the VAMC

pertains to an unfair labor practice, and therefore, under section 7123(a)(1), the order is subject to

judicial review despite the fact that an arbitration award is involved.  *Id*.; *see also Griffith v.

FLRA*, 842 F.2d 487, 491-92 (D.C. Cir. 1988) (explaining that section 7123 provides for circuit

court review of FLRA final orders, excludes orders under section 7122 relating to FLRA

decisions on arbitration awards, but excepts from that exclusion orders involving unfair labor

practices).  Next, because Plaintiff's case involves registered nurses employed by the VA, 38

U.S.C. § 7422(e) dictates that a petition for judicial review of the FLRA order regarding

Plaintiff's complaint may not be brought in just any court of appeals, but only in the United States Court of Appeals for the District of Columbia.  *See* 38 U.S.C. § 7422(e).[9]

The D.C. Circuit has held that district courts do not have concurrent jurisdiction alongside the Court of Appeals to review claims challenging FLRA final orders.  *AFGE v. Loy*, 367 F.3d 932, 935 (D.C. Cir. 2004) (citing *Karahalios v. Nat'l Fed'n of Fed. Employees*, 489 U.S. 527, 533 (1989)).  In *AFGE v. Loy*, the D.C. Circuit found that "if an FLRA order is not within either exception [to section 7123(a)] and is 'final', it may be reviewed *only* by a court of appeals."  *Id*. (emphasis added).  As such, this Court lacks jurisdiction to review the January 31, 2002, FLRA final order dismissing Plaintiff's ULP complaint.

*AFGE v. Loy* is particularly instructive for this case.  The genesis of that suit was AFGE's petitions to the FLRA seeking certification as representative of airport screeners employed by the

---

[9] Section 7422(e) of title 38 provides:

> A petition for judicial review or petition for enforcement under section 7123 of title 5 in any case involving employees described in section 7421(b) of this title  .
> . . , shall be taken only in the United States Court of Appeals for the District of
> Columbia Circuit.

38 U.S.C. § 7422(e).  Section 7421(b) of title 38, in turn, provides a list of positions over which the Secretary of Veterans Affairs has authority to prescribe hours and conditions of employment, and this list includes registered nurses employed by VA hospitals.  *See* 38 U.S.C. § 7421(b) (2005).  Given this statutory scheme for judicial review of FLRA final orders, it is not surprising that the D.C. Circuit has decided a host of cases in the same procedural posture as Plaintiff's suit, i.e. cases following FLRA final orders and challenging findings of those FLRA proceedings.  *See*, *e.g.*, *Nat'l Fed'n of Fed. Employees Local 589 v. FLRA*, 73 F.3d 390 (D.C. Cir. 1996) (petitioning D.C. Circuit for review of FLRA order denying union representation at peer review investigation); *Dep't of Health and Human Servs.*, *Soc. Sec. Admin. v. FLRA,* 976 F.2d 1409 (D.C. Cir. 1992) (petitioning D.C. Circuit for review of FLRA order in ULP proceeding); *AFGE Local 3882 v. FLRA*, 944 F.2d 922 (D.C. Cir. 1991) (petitioning D.C. Circuit for review of FLRA final order awarding attorney's fees); *AFGE v. FLRA*, 850 F.2d 782 (D.C. Cir. 1988) (petitioning D.C. Circuit for review of FLRA final order in ULP proceeding).

Transportation Security Administration (TSA) as well as elections among screeners. *Id*. at 934.

Under statutory authority, the defendant Under Secretary issued a directive that airport screeners

were not entitled to collective bargaining rights, and the FLRA subsequently rejected AFGE's

pending petitions. *Id*. Seeking declaratory and injunctive relief, AFGE brought suit in D.C.

District Court challenging the defendant Under Secretary's discretionary directive on the grounds

that the defendant's directive was arbitrary and capricious and that it deprived members of First

and Fifth Amendment rights. *Id*. The District Court dismissed AFGE's complaint for lack of

subject matter jurisdiction, and the D.C. Circuit upheld the dismissal on appeal, holding that "the

FLRA had the exclusive jurisdiction on the question [whether to order representation elections],

subject to review only in a court of appeals pursuant to § 7123." *Id.* at 936.

Similarly, here Plaintiff AFGE seeks review in district court of a question over which the

FLRA has exclusive jurisdiction – enforcement of an arbitration award in an unfair labor practice

proceeding – subject to review in the United States Court of Appeals for the District of

Columbia. *See* 5 U.S.C. §§ 7122, 7123 (a) and (b); 38 U.S.C. § 7422(e); *Dep't of Health and

Human Services*, 976 F.2d at 1413; *AFGE Local 3882*, 944 F.2d at 924. Accordingly, this Court

cannot review Plaintiff's claims. Plaintiff should petition the D.C. Circuit for review of the

FLRA final order, and this Court lacks jurisdiction to hear the Complaint. *See* 38 U.S.C. §

7422(e).[10]

---

[10] Plaintiff has not filed a petition for review of the FLRA order in the D.C. Circuit, pursuant to 38 U.S.C. § 7422(e). The Court notes that 5 U.S.C. § 7123(a), and 38 U.S.C. § 7422(e) by cross-reference, give a 60-day period for instituting an action in a court of appeals for judicial review of an FLRA order. Plaintiff does not raise any concern that its claim would be barred on account of this statutory period having expired. Without such a concern before it, the Court does not explore whether equitable tolling would apply in Plaintiff's case.

2.    Plaintiff's Substantive Claims Challenge the FLRA Decision, not the VA
Under Secretary's Section 7422(d) Determination.

In its Complaint before this Court, Plaintiff does not explicitly submit a petition for

judicial review of the FLRA final order dismissing the ULP complaint.  If Plaintiff had done so,

this case would be easily and summarily dismissed pursuant to the statutes discussed above.

Instead, Plaintiff brings suit alleging that Defendants violated and misapplied 38 U.S.C.

§ 7422(b) and (d) by virtue of the timing of the VA Under Secretary's section 7422

determination (Count I), the character of that determination (Count II), and the Under Secretary's

alleged motivation for the determination (Count IV).  Additionally, Plaintiff brings a

constitutional claim alleging a violation of substantive due process rights in Count III of the

Complaint.

In Count I of the Complaint, Plaintiff claims that Defendants violated and misapplied 38

U.S.C. § 7422 (b) and (d) by issuing a 7422 determination following a final and binding

arbitration award.  Compl. ¶ 53.  In fact, in its resolution of the ULP proceedings, the FLRA

considered precisely this issue in finding that the Under Secretary's determination under 7422(d)

deprived the FLRA of jurisdiction.  *See VAMC Asheville*, 57 F.L.R.A. at 683, 686-87.

Specifically, the General Counsel argued on behalf of Plaintiff that the Under Secretary's section

7422 determination was irrelevant because it came *after* the arbitration award became final and

binding.  *Id*. at 687.  Contrary to this assertion, the FLRA found that "Title 38 places no time

limit on when the Secretary's determination must be made."  *Id*.; *see also United States Dep't of*

*the Interior, Nat'l Park Serv., Golden Gate Nat'l Recreation Area, San Francisco, Cal.*, 55

F.L.R.A. 193, 195 (1999) (finding that parties may raise arguments regarding FLRA jurisdiction

at any stage of FLRA proceedings).  Furthermore, the FLRA noted that on other occasions "the

Authority has remanded a case to an Administrative Law Judge to allow the Under Secretary to

submit a determination as to whether the subject matter of the ULP proceeding constituted a 38

U.S.C. § 7422(b) topic and [was] therefore not subject to review by the Authority."  *Id.* (citing

*Dep't of Veterans Affairs, Veterans Affairs Med. Ctr., Washington, D.C.*, 51 F.L.R.A. 896

(1996), *remanded to*, 53 F.L.R.A. 822 (1997)).  If Plaintiff disagrees with the FLRA finding that

the Under Secretary's section 7422 determination was valid despite being made after the issuance

of an arbitration award, Plaintiff should petition the United States Court of Appeals for the

District of Columbia for review of the FLRA final order.

Only Count II of Plaintiff's Complaint actually goes to the merits of the Under

Secretary's March 5, 2001 determination that Plaintiff's grievance concerned the "establishment,

determination, or adjustment of employee compensation" under 38 U.S.C. § 7422(d).  In Count

II, Plaintiff claims that Defendants applied 38 U.S.C. § 7422 (b) and (d) to a grievance which did

not concern "the establishment, determination, or adjustment of employee compensation," and

thereby violated and misapplied those provisions.  Compl. ¶ 55.  As Defendants argue, "were

plaintiff coming to this Court for a determination on whether the Secretary's 7422(d)

determination was arbitrary, capricious, an abuse of discretion, or contrary to law . . . the

jurisdictional question may well have been a closer one."  Defs.' Reply at 3 (citations omitted).

However, the other counts of the Complaint do not go to the merits of the Under Secretary's

determination, but rather take issue with the timing and the alleged motivation for the issuance of

such a determination.  The bulk of the Complaint addresses issues already considered and ruled

upon by the FLRA in the ULP proceeding, and therefore Plaintiff should have followed the

statutory scheme under 38 U.S.C. § 7422(e) and filed a petition for review of the FLRA final

order in the United States Court of Appeals for the District of Columbia.[11]

Next, in Count III of the Complaint, Plaintiff claims that Defendants denied Plaintiff's

substantive due process rights by virtue of their failure to comply with the December 29, 1999

arbitration award.  Compl. ¶¶ 58-60.  While on its face this claim is a constitutional challenge to

the Under Secretary's determination, which would be presumptively reviewable in any court, the

claim actually rests on the same timing issue as Count I.  Plaintiff states: "[i]n *subsequently*

determining that the underlying grievance by plaintiff AFGE Local 446 concerned a matter

subject to a 38 U.S.C. 7422(d) exclusion, the defendants denied plaintiff and those it represents

(including plaintiff's members) of its property interest" in the December 29, 1999 arbitration

award.  Compl. ¶ 58 (emphasis added).  Yet, in the ULP proceeding, the FLRA actually

considered the fact that a section 7422 determination could have the effect of defeating the

finality of the arbitration award.  *See VAMC Asheville,* 57 F.L.R.A. at 686 ("[T]he Authority has

held that claims of statutory impediments to an arbitrator's authority could be raised to defeat

finality in a ULP proceeding.") (citing *Veterans Admin. Central Office, Washington, D.C.*, 27

F.L.R.A. 835, 838-40 (1987), *aff'd sub nom. AFGE v. FLRA*, 850 F.2d 782 (D.C. Cir. 1988)).

Importantly, neither the FLRA, nor the D.C. Circuit precedent upon which it relied, indicated that

a section 7422 determination that effectively deprived an arbitrator of authority over a particular

grievance paved the way for a constitutional violation.  *See id.* at 686; *see also AFGE v. FLRA,*

---

[11] Defendant is correct to note that Plaintiff has not identified any jurisdictional bar preventing it from presenting its challenge to the VA Under Secretary's section 7422 determination in the United States Court of Appeals for the District of Columbia.  *See* Defs.' Reply at 4-5.

850 F.2d at 685.  Because Plaintiff's Count III claim challenges the FLRA decision, albeit on

constitutional grounds, it constitutes an appeal of the FLRA final order and therefore must be

heard in the D.C. Circuit.[12]

Finally, in Count IV of the Complaint, Plaintiff claims Defendants violated and

misapplied 38 U.S.C. § 7422 (b) and (d) because their determination was "based on a

disagreement with the results and conclusions contained in the [arbitrator's] award . . . ."  Compl.

¶ 62.  Plaintiff is essentially arguing that, by issuing their 7422 determination during the course

of a ULP proceeding, Defendants used the ULP proceeding to contest the merits of the

arbitrator's award.  The FLRA addressed this possibility in stating the following:  "[a]s a general

rule, an agency cannot collaterally attack an arbitration award during the processing of a ULP

complaint alleging an unlawful failure to comply with that award."  *VAMC Asheville*, 57

F.L.R.A. at 686; *see AFGE v. FLRA*, 850 F.2d at 785.  However, the FLRA went on to state that

"[t]he Authority has held that claims of statutory impediments to an arbitrator's authority could

be raised to defeat finality in a ULP proceeding."  *Id*.  Because of the jurisdictional nature of the

38 U.S.C. § 7422(d) determination, the matter may be raised at any stage of the FLRA

proceedings, even if the result is to reverse an arbitration award.  *Id*.  The FLRA considered the

possibility that the VAMC was waging a collateral attack on the arbitration award, but weighed

_____

[12] Moreover, the D.C. Circuit has held that constitutional claims may not be bifurcated from closely related statutory claims, allowing a district court to adjudicate the constitutional issues while the FLRA retains exclusive jurisdiction over the statutory claims.  *AFGE v. Loy*, 367 F.3d at 936.  The *Loy* court additionally noted: "[t]hat the union did not present its constitutional claims to FLRA [] is no reason for allowing it to litigate those claims in the district court."  *Id*.  Accordingly, this Court lacks jurisdiction over Plaintiff's Count III substantive due process claim despite the fact that the FLRA did not consider the constitutional claim per se during the ULP proceeding.

in favor of the Under Secretary's exercise of discretionary authority in determining that

Plaintiff's grievance concerned the "establishment, determination, or adjustment of employee

compensation" under 38 U.S.C. § 7422(b) and (d).  If Plaintiff wants to argue that the FLRA

weighed the relevant factors  incorrectly, Plaintiff should petition for judicial review in the

United States Court of Appeals for the District of Columbia pursuant to 38 U.S.C. § 7422(e).[13]

        3.        Plaintiff Fails to Meet its Burden of Establishing this Court's Jurisdiction.

In opposing Defendants' Cross Motion to Dismiss, Plaintiff does not persuasively show

why this Court in fact  has jurisdiction over Plaintiff's suit.  In its Complaint, Plaintiff claims

jurisdiction under 28 U.S.C. §§ 1331, 2201, and 2201, 38 U.S.C. § 7422(d), and 5 U.S.C. § 701,

but states nothing more in support of its claim of jurisdiction.  Compl. ¶ 1.  As noted above, it is

the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence.

*Am. Farm Bureau*, 121 F. Supp. 2d at 90.  Plaintiff does not meet this burden in opposition to

Defendants' Cross Motion to Dismiss under Rule 12(b)(1).

Plaintiff never definitively establishes in its Complaint, Motion for Summary Judgment,

---

[13]  In addition to the substantive issues raised in Plaintiff's Complaint, the relief Plaintiff requests is further evidence that Plaintiff's claim is actually an appeal of the January 31, 2002 FLRA decision.  In its request for relief, Plaintiff asks this Court to declare that a 7422 determination cannot be used to bar enforcement of an arbitration award and to order Defendants to comply with the arbitrator's December 29, 1999 award.  *See* Compl. at 16.  These requests are not appropriate, since enforcement of arbitration awards properly obtained in the course of negotiated grievance procedures is a question for the authority of the FLRA.  *See* 5 U.S.C. §§ 7122, 7123 (a) and (b); 38 U.S.C. § 7422(e); *Dep't of Health and Human Services*, 976 F.2d at 1413; *AFGE Local 3882*, 944 F.2d at 924.  Although the Court acknowledges Plaintiff's argument that the form of relief requested should not necessarily deprive a court of jurisdiction over a suit, *see* Pl.'s Opp'n at 5-6, the Court's 12(b)(1) ruling does not hinge on Plaintiff's request for enforcement of the arbitration award.  Rather, the Court simply notes that Plaintiff's requested relief further illustrates the fact that Plaintiff's claim is actually an appeal of the FLRA final order.

or Opposition briefings how its claim is not an effort to appeal the FLRA final order of January

31, 2002.  Plaintiff simply states that it is "challenging the legality of defendants' ruling under 38

U.S.C. 7422(d)."  Pl.'s Opp'n at 3.  Without more, and in light of the above analysis, this

statement is not sufficient to establish this Court's jurisdiction over the matter.  Plaintiff's

discussion of the legislative history surrounding judicial reviewability of section 7422

determinations is irrelevant in light of this Court's finding that Plaintiff seeks reversal of an

FLRA final order rather than review of the merits of the VA Under Secretary's 38 U.S.C. § 7422

determination.  *See id*. at 3-4.[14]

Similarly, Plaintiff's point that "the only reason that an FLRA decision is even a part of

the factual background of this case is that the federal defendants failed to act . . . and [] plaintiff

was forced to initiate FLRA proceedings . . . ," is no more helpful in establishing district court

jurisdiction over Plaintiff's suit.  *Id*. at 4.  The factual context of this suit does not change the

Court's finding that Plaintiff seeks to gain judicial review of a final FLRA order, a type of review

beyond the jurisdiction of this Court.  Plaintiff asks the Court to revisit issues already considered

---

[14] In its Response to Court's Order of April 30, 2004, Plaintiff cites *AFGE Local 2152 v. Principi* of support of its argument opposing Defendants' Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Pl.'s Response at 2 (citing *AFGE Local 2152 v. Principi*, No. 02-0379 (D. Nev. Aug. 19, 2003) (order denying motion to dismiss for lack of subject matter jurisdiction)).  In that case, the defendants argued that the district court lacked jurisdiction over plaintiff AFGE's claim for review of the VA Under Secretary's section 7422(d) determination, and that pursuant to 38 U.S.C. § 7422(e), the D.C. had jurisdiction to review AFGE's claim. *AFGE Local 2152 v. Principi,* Att. 1 to Pl.'s Response at 5.  The district court denied the defendants' motion to dismiss because there was no FLRA final order at issue in the case, i.e. no prior FLRA proceeding had taken place. *Id.* at 11.  In contrast, here the Court finds that Plaintiff seeks review of issues specifically considered and decided upon in the ULP proceeding before the FLRA, decided January 31, 2002.  Therefore, Plaintiff's claim must be brought in the United States Court of Appeals for the District of Columbia. *See* 38 U.S.C. § 7422(e).

and ruled upon in the FLRA proceeding and to reverse the FLRA final order.  In the absence of

jurisdiction, the Court may not do so.  *Am. Farm Bureau*, 121 F. Supp. 2d at 91.

> **B.**      ***The Secretary's Authority to Make Determinations Under 38 U.S.C § 7422(d) is not Limited.***

In the alternative, to the extent that this complaint can be read as a challenge to the

Secretary's authority to make a determination, at any time and for any reason, that Plaintiff's

grievance concerns the "establishment, determination, or adjustment of employee compensation"

within the meaning of 38 U.S.C. § 7422(b) and (d), Plaintiff's contentions can be summarily

rejected.  As Defendants point out in their Motion for Summary Judgment, "Plaintiff seeks to

engraft a time limit on the exercise of the Secretary's 7422(d) discretion, " and that time limit

simply does not exist.  Defs.' Mot. at 25.  38 U.S.C. § 7422(d) states: "An issue of whether a

matter concerns or arises out of . . . (3) the establishment, determination, or adjustment of

employee compensation under this title shall be decided by the Secretary and is not itself subject

to collective bargaining and may not be reviewed by any other agency."  38 U.S.C. § 7422(d).

The plain terms of the statute grant the Secretary of the VA plenary authority over decisions as to

whether matters fall within the § 7422 exclusion from collective bargaining, and the plain terms

do not limit the Secretary's authority such that he must exercise it during a given period of time

and not after an arbitration award has been granted.  *See id.*

Defendants persuasively maintain that the Secretary's authority to make a § 7422

determination is jurisdictional in nature because it removes from the ambit of collective

bargaining those matters that the Secretary deems, among other things, to arise out of the

"establishment, determination, or adjustment of employee compensation."  38 U.S.C. § 7422(d);

*see* Defs.' Mot. at 27.  Therefore, the Secretary's determination effectively removes the

arbitrator's, and the FLRA's, jurisdiction over Plaintiff's grievance.  This was the essence of the

FLRA ruling in the ULP proceeding initiated by Plaintiff to force compliance with the

arbitrator's award.  S*ee VAMC Asheville*, 57 F.L.R.A. at 683 (citing *U.S. Dep't of the Interior,*

*Nat'l Park Serv., Golden Gate Nat'l Recreation Area, San Francisco, Cal.*, 55 F.L.R.A. 193, 195

(1999) (finding that parties may raise arguments regarding FLRA jurisdiction at any stage of

FLRA proceedings)).  Furthermore, the FLRA ruling is consistent with D.C. Circuit law on the

matter.  *See AFGE v. FLRA*, 850 F.2d at 785.  In *AFGE v. FLRA*, the United States Court of

Appeals for the District of Columbia agreed with the respondent FLRA's position that the VA

may challenge an arbitrator's jurisdiction over a matter after an arbitration award has been

granted and during the course of an unfair labor practice proceeding seeking to enforce that

award.  *Id*.  Accordingly, there are no limitations, statutory or otherwise, on the Secretary's

authority to exercise his discretion in determining whether a matter is excluded from collective

bargaining under 38 U.S.C. § 7422(b) and (d).  This Court declines to impose a limitation on that

authority where Congress has chosen not to do so, especially a limitation that is inconsistent with

the law in this Circuit.

C.       ***Plaintiff's Complaint Provides No Grounds for Review of Merits of the VA
          Under Secretary's § 7422 Determination***

          To the extent that the Complaint actually challenges the merits of the Under Secretary's

March 2001 determination that Plaintiff's grievance was a matter concerning the "establishment,

determination, or adjustment of employee compensation" within the meaning of 38 U.S.C. §

7422(d), Plaintiff's Complaint does not adequately set forth the grounds for review of the

agency's action.  The Complaint is not a model of clarity in that Plaintiff does not present the issue of the legality of Defendants' actions squarely before the Court, and instead takes issue with the findings of the FLRA and simply challenges the authority of the Under Secretary to make the March 2001 § 7422 determination.  Even assuming *arguendo* that Plaintiff's Complaint presents a proper challenge to the merits of the Under Secretary's § 7422 determination regarding the entitlement to premium pay, Plaintiff has not brought a claim under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*., whereby Plaintiff would enjoy standing to sue the VA and this Court would have a basis for review of the VA Under Secretary's § 7422 determination.  *See* 5 U.S.C. § 706(a)(2)(A) and (C) (Under the APA, a court may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.").  Plaintiff nods to the APA in its jurisdictional statement, *see* Compl. ¶ 1, and borrows language from the Act throughout its Complaint, however Plaintiff in its briefing does not provide for the Court any further explanation of what grounds of review the Court is to use.  Nor has the Court been provided with an administrative record or other relevant material for use in reviewing the merits of the Under Secretary's determination.  In fact, Plaintiff argues in conclusory fashion that the Secretary's determination regarding the entitlement to premium pay is not a final agency decision, but provides no analytical context for this argument.  Therefore, the Court finds that without such legal grounds or administrative record upon which to review the merits, it cannot review a challenge to the VA Under Secretary's § 7422 determination of March 2001.

## IV:  CONCLUSION

Upon examination of the procedural and statutory context of this suit, Plaintiff's various allegations, and its requested relief, it is apparent that Plaintiff's Complaint is actually an appeal of the FLRA ruling and final order in the ULP proceedings initiated to obtain enforcement of the arbitration award.  As discussed above, Plaintiff's claims implicate the findings of the FLRA in its January 31, 2002 final order dismissing Plaintiff's ULP complaint and would require this Court to review that decision.  Pursuant to 38 U.S.C. § 7422(e), the United States Court of Appeals for the District of Columbia is the congressionally designated forum for review of FLRA orders involving VA employees, and Plaintiff must bring its claim in that court.  Accordingly, this Court lacks jurisdiction over the subject matter of this suit.  Furthermore, Plaintiff's claim challenging the VA Under Secretary's authority to issue the § 7422 determination fails, and Plaintiff does not adequately set forth any claim challenging the merits of the Under Secretary's determination.

For the reasons explained above in this Opinion, the Court shall grant Defendants' Motion to Dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

An appropriate Order accompanies this Memorandum Opinion.

Date:   July 31, 2005

                                          _/s/_____
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge